UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN TURLINGTON and <br> EDWIN HARDEE TURLINGTON II, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNNY DAVIS, Major General, TYLER <br> FLECK, CHRISTIANE TURLINGTON, <br> LANCE TURLINGTON, and AARON NEAL, <br><br> Defendants. | Case No. 25-CV-0013-CVE-MTS |

**OPINION AND ORDER**

Now before the Court is Defendant Aaron Neal's Motion to Dismiss (Dkt. # 16) and Defendant United States Army Lieutenant General Johnny Davis's Motion to Dismiss for Failure to State a Claim (Dkt. # 20). Defendant Johnny Davis argues that he is mentioned in only one allegation of the complaint, and he asks the Court to dismiss the claims against him under Fed. R. Civ. P. 12(b)(6). Dkt. # 20. Defendant Aaron Neal argues that the Court lacks subject matter jurisdiction over the claims asserted against him, and he also contends that plaintiff has failed to assert a colorable claim under any theory. Dkt. # 16. Plaintiff Edwin Turlington[1] has not responded to Davis' motion to dismiss, but he argues that he has adequately alleged that Neal is liable for causing harm to plaintiff's son, Hardee Turlington. Dkt. # 24.

---

[1] All further references to "plaintiff" in this Opinion and Order will refer to Edwin Turlington. The Court Clerk has added plaintiff's son, Edwin Hardee Turlington, II (Hardee Turlington), as a named plaintiff, and plaintiff's allegations suggest that he intends to assert claims on behalf of his son. However, the Court will subsequently explain in this Opinion and Order that a pro se party such as plaintiff may not attempt to represent any other party, including his children, and the only properly named plaintiff is Edwin Turlington. See infra at 5.

Plaintiff Edwin Turlington alleges that he resides near Miami, Oklahoma with his wife and children, and his wife, Julie Turlington, is a teacher for Miami Public Schools. Dkt. # 1, at 3-4. Plaintiff's son, Hardee Turlington, transferred to Miami Public Schools and, on January 26, 2022, school staff contacted child protective services after finding Hardee Turlington in possession of a journal containing violent images. Id. at 4. Some of the images or depictions suggested that Hardee Turlington had been the victim of physical abuse, and social worker Aaron Neal interviewed Hardee Turlington about the images in the journal. Id. Hardee Turlington told Neal that the violent images in the journal were "fiction" and that he had a very close relationship with his father. Id. Neal interviewed other family members and school staff, but no one reported seeing evidence of abuse or neglect. Id. at 5. When Neal interviewed Julie Turlington, plaintiff alleges that Neal told Julie Turlington to "take the children and leave [plaintiff], press charges against [plaintiff], and file a Protective Order against [plaintiff] and receive 'services' from the Department of Human Services (DHS)," or Neal would take action to remove all of the Turlington's children from their home. Id. Julie Turlington and the children moved out of the family home and moved in with her mother-in-law. Id.

Julie Turlington moved back into the family home about a week later, but she was concerned that Hardee Turlington was making up stories of violence or abuse that would affect her professional reputation. Id. at 6. Plaintiff and his wife determined that Hardee Turlington should temporarily go to Kentucky to live with his uncle, Lance Turlington, and much of the complaint is devoted to describing the negotiations to establish Hardee Turlington's guardianship arrangement with Lance Turlington. Id. at 7-11. Plaintiff alleges that Lance and Christiane Turlington allowed Hardee Turlington to engage in inappropriate behavior and watch television shows that plaintiff found

offensive. Id. at 12-13, 21-25. Hardee Turlington was expelled from his school and sent to an alternative school due to his disruptive behavior. Id. at 16-18. It appears that plaintiff is involved in legal proceedings in Kentucky to regain custody of Hardee Turlington, and he claims that Lance and Christiane Turlington are opposing plaintiff's actions by seeking to intervene in the custody dispute. Id. at 21.

On January 7, 2025, plaintiff filed this case alleging claims of human trafficking, fraud, abuse of process, educational neglect, and civil conspiracy. Id. at 26-27. Plaintiff could also be asserting claims under 42 U.S.C. § 1983 for violations of his Fifth and Fourteenth Amendment rights, although it is not clear against which defendants he asserts such claims. Id. at 2. Plaintiff has named Christiane and Lance Turlington, Neal, Tyler Fleck, and Davis as defendants. Davis is mentioned only once in the complaint, and the complaint merely lists Davis' business address in Fort Knox, Kentucky. Lance Turlington has retained counsel and filed an answer, but it is unclear whether Christiane Turlington and Tyler Fleck have been served. Davis and Neal have filed motions to dismiss the claims against them.

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Where a motion to dismiss is based on a facial attack, as here, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Davis argues that plaintiff has failed to make any factual allegations that would give him notice of the basis for plaintiff's claims against him, and Davis asks the Court to dismiss plaintiff's claims against him. Neal argues that plaintiff's suit against him in his official capacity is barred by the Eleventh Amendment and by plaintiff's failure to comply with the Oklahoma Governmental Tort

Claims Act, OKLA. STAT. tit. 51, § 151 et seq. (OGTCA). Neal also contends that plaintiff has failed to state a colorable claim against him. Plaintiff has failed to respond to Davis' motion to dismiss and plaintiff's complaint plainly fails to state a claim against Davis. The complaint contains no allegations giving Davis notice of the factual or legal basis for his inclusion in this lawsuit, and Davis' motion to dismiss (Dkt. # 20) should be granted.

Before proceeding to Neal's arguments, the Court notes that plaintiff appears to be alleging claims on behalf of himself and his minor son, Hardee Turlington. See Dkt. # 24, at 2 (alleging that Neal failed to provide "competent care" to Hardee Turlington, and Neal's violation of the standard of care harmed plaintiff and Hardee Turlington). The Court notes that Edwin Hardee Turlington, II is listed as a party on the docket sheet. The Tenth Circuit has clearly held that a non-attorney parent may not bring claims on behalf of a minor child, although there is a limited exception to this rule when the parent is seeking to recover social security disability benefits on behalf of a minor child. Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1299-1301 (10th Cir. 2011). Plaintiff Edwin Turlington is not attempting to recover social security disability benefits for his son, and plaintiff is not permitted to represent his son, Edwin Hardee Turlington, II, in this case. Any claims asserted on behalf of Hardee Turlington must be dismissed, and plaintiff must be represented by an attorney in order for any claims to brought on behalf of or by Hardee Turlington.

Neal argues that plaintiff has sued him for actions taken in his official capacity as an employee of DHS, and these are treated as claims for money damages against the state of Oklahoma. Under the Eleventh Amendment to the United States Constitution, states and state agencies that qualify as arms of the State generally possess sovereign immunity from suit in federal court. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 616 (2002) ("The Eleventh

Amendment grants a State immunity from suit in federal court by citizens of other States and by its own citizens as well"); Steadfast Ins. Co. v. Agricultural Ins. Co., 507 F.3d 1250, 1252-53 (10th Cir. 2007). This immunity applies to a State entity whether a plaintiff seeks declaratory, injunctive, or monetary relief. See Fed. Mar. Comm'n v. South Carolina State Ports Auth., 535 U.S. 743, 765 (2002). The Supreme Court has recognized two instances in which an individual may sue a state: (1) where the suit is authorized by Congress, and (2) where a State voluntarily waives its sovereign immunity. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). Sovereign immunity is a limitation on the Court's subject matter jurisdiction and the Court must address this issue even if not raised by the parties. Clymore v. United States, 415 F.3d 1113 (10th Cir. 2005).

DHS is an arm of the state for the purpose of Eleventh Amendment immunity, and a suit against a DHS employee in his official capacity is treated as a claim against the state of Oklahoma. Pietrowski v. Town of Dibble, 134 F.3d 1006, 1009 (10th Cir. 1998); McKinney v. State of Oklahoma, Dept. of Human Services, 925 F.2d 363, 365 (10th Cir. 1991). The complaint alleges that Neal visited Miami Public Schools in his capacity as a social worker to interview Hardee Turlington after receiving notification about the contents of Hardee Turlington's journal. Dkt. # 1, at 4. Neal conducted additional interviews concerning the alleged abuse or neglect of Hardee Turlington, and Neal allegedly told Julie Turlington to remove the children from the family home and divorce plaintiff. Id. Plaintiff's response to Neal's motion to dismiss also suggests that plaintiff intends to sue Neal in his official capacity. Plaintiff states that Neal's breach of his professional duty to Hardee Turlington caused harm to his "client," as well as to the client's mother and father, and plaintiff claims that Neal is "civilly liable" for his "flawed or inferior services." Dkt. # 24, at 3.

Plaintiff is clearly alleging claims against Neal for actions undertaken in his official capacity as a social worker, and this type of claim is treated as a claim against Neal's employer, DHS. DHS is an arm of the state of Oklahoma and plaintiff's claims against Neal are barred by the Eleventh Amendment.

Davis' and Neal's motions to dismiss are granted, and they will be terminated as defendants. The Court has also reviewed the docket sheet and it appears that defendants Tyler Fleck and Christiane Turlington have not been served. Plaintiff's complaint was filed on January 7, 2025, and plaintiff's deadline to serve the defendants was April 6, 2025. Fed. R. Civ. P. 4(m). Plaintiff shall be required to show good cause for failing to serve Tyler Fleck and Christiane Turlington, and he is advised that failure to respond to this order or show good cause will result in the dismissal of his claims against these defendants.

**IT IS THEREFORE ORDERED** that Defendant Aaron Neal's Motion to Dismiss (Dkt. # 16) and Defendant United States Army Lieutenant General Johnny Davis's Motion to Dismiss for Failure to State a Claim (Dkt. # 20) are **granted**. Johnny Davis and Aaron Neal are **terminated as defendants**.

**IT IS FURTHER ORDERED** that Edwin Hardee Turlington II is **terminated as a party plaintiff**.

**IT IS FURTHER ORDERED** that plaintiff Edwin Turlington shall show good cause for his failure to timely serve Christiane Turlington and Tyler Fleck no later **August 26, 2025**.

**DATED** this 12th day of August, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE