**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDWIN TURLINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0013-CVE-MTS |
| | ) | |
| LANCE TURLINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION AND ORDER</u>

On January 7, 2025, plaintiff Edwin Turlington filed this case alleging claims arising out of a child custody dispute concerning his son, Edwin Turlington, II, and neither plaintiff nor his son was represented by an attorney. Plaintiff's complaint originally named five defendants, but four of the defendants have now been dismissed. Dkt. # 25. The sole remaining defendant is Lance Turlington, plaintiff's brother. The complaint also listed Edwin Turlinton, II as a plaintiff. The Court advised plaintiff that a pro se litigant is not permitted to represent another party who is also not represented by an attorney, and the Court terminated Edwin Turlington, II as a plaintiff. <u>Id.</u> at 5. The remaining claims in this case are plaintiff's claims against Lance Turlington, which are primarily claims arising under state law. Plaintiff asserts a claim under federal criminal statutes prohibiting human and sex trafficking, and he also references 42 U.S.C. § 1983, although it is not clear that he intends to assert a § 1983 claim against Lance Turlington. <u>Id.</u> at 2, 26. Plaintiff also alleges state law claims of fraud, abuse of process, educational neglect, and civil conspiracy. <u>Id.</u> at 26-27.

The Court will briefly summarize the allegations of plaintiff's rambling 23 page statement of facts. Plaintiff claims that his son, Edwin Turlington, II, brought a journal to school containing depictions suggesting that plaintiff was abusing his son. <u>Id.</u> at 4. The school contacted a social

worker who conducted an investigation, but no criminal charges were ever brought against plaintiff as a result of the investigation. Id. at 5. Plaintiff and his wife, Julie Turlington, believed that it would be best for Edwin Turlington, II if he went to live with his aunt and uncle, Lance and Christiane Turlington, in Kentucky on a temporary basis. Id. at 6. Disputes arose between plaintiff and his brother over the terms of the guardianship, particularly over Christiane Turlington's role in the guardianship. Plaintiff describes Christiane Turlington as a "yankee" who believes that persons who display the confederate flag are "ignorant," and he claims that Christiane Turlington is generally an unfit wife who "doesn't cook," is "obnoxious," and takes trips with her "friends" who may be involved in human trafficking. Id. at 8-9. After the guardianship was established, plaintiff made clear that he objected to behaviors and media tolerated at Lance Turlington's home, and plaintiff's son began to show signs of severe behavioral problems at school. Id. at 12-20. It appears that there is a court proceeding in Kentucky concerning custody over plaintiff's son, as well as a social services investigation into his son's well being. Id. at 14, 21. Plaintiff complains that his son is permitted to watch shows that he believes are inappropriate for a child, and approximately five pages of plaintiff's complaint are devoted to describing the sexual behavior depicted in shows that his son has been allowed to watch at Lance Turlington's home. Id. at 21-25. Plaintiff contends that he is no longer permitted to speak with or visit his son, and Lance Turlington allegedly told plaintiff's wife that her son would be allowed to return to Oklahoma only if she divorced plaintiff. Id. at 25.

The Court has independently determined that it should review the case to determine if it has subject matter jurisdiction to hear plaintiff's claims. Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System,

Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"   1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). The law is well settled that federal criminal statutes

do not create a private right of action, and plaintiff cannot rely on federal criminal statutes to create a claim arising under federal law. Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). Plaintiff's complaint references § 1983, but it is not clear that plaintiff is attempting to assert a § 1983 claim against Lance Turlington and there are no allegations suggesting that he could be treated as a state actor. Wasatch Equality v. Alta Ski Lifts Co., 820 F.3d 381, 386-87 (10th Cir. 2016) (state action is a necessary component of a § 1983 claim). Plaintiff has not alleged a colorable § 1983 claim against Lance Turlington, and the Court finds no basis to exercise federal question jurisdiction over this case.

The parties named in the complaint are not completely diverse, and there is no basis for the Court to exercise diversity jurisdiction over this case. Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1239 (10th Cir. 2015). The complaint contains allegations that defendants Lance and Christiane Turlington, Tyler Fleck, and Johnny Davis are citizens of Kentucky, but plaintiff and defendant Aaron Neal are citizens of Oklahoma. Dkt. # 1, at 2-3. Therefore, the parties are not completely diverse. The non-diverse party, Neal, was dismissed by the Court pursuant to a motion to dismiss, but subsequent events after the filing of the complaint have no bearing on the existence of diversity jurisdiction. Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 574-73 (2004). Plaintiff has asked the Court to exercise supplemental jurisdiction over his state law claims, but the Court has determined that plaintiff did not assert any colorable claims arising under federal law. "The 'district court should normally dismiss supplemental state law claims after all federal law claims have been dismissed, particularly when the federal claims are dismissed before trial.'" I Dig Texas, LLC v. Creager, 98 F.4th 998 (10th Cir. 2024) (quoting Foxfield Villa Assocs., LLC v. Robben, 967 F.3d 1082, 1103 (10th Cir. 2020)). The Court declines to exercise supplemental

jurisdiction over this case, as this concerns primarily a family law matter controlled by state law and the case has not reached an advanced stage of litigation that would warrant the continued involvement of this Court.

**IT IS THEREFORE ORDERED** that plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that all previously entered deadlines, including the March 24, 2026 settlement conference, the July 15, 2026 pretrial conference, and the August 3, 2026 jury trial, are hereby **stricken**.

**DATED** this 20th day of March, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5